BOWNE v. UNDERHILL.

</div>

<div align="center">

*Will — construction of — when issue of dead child take.*

</div>

A will gave property to P., wife of E., during their joint lives, and upon the death of either, to the " use of the survivor of them and the children of them, during the life of such survivor, in equal proportions," and upon the death of both, then to be divided " equally among all the children * * * who may then be living, and the lawful issue of any who may then be dead, *per stirpes* and not *per capita*." *Held*, that upon the death of E., leaving P. surviving, the issue of a dead child of P. and E. took the share the child would have been entitled to if living.

Bowne v. Underhill.

$\int$ UBMISSION of controversy without action, pursuant to section 372 of the Code.

The. controversy was between Richard H. Bowne, substituted trustee under the will of Ann Haviland, deceased, and Phebe Jane Underhill and others, legatees and devisees under said will. By the second clause of the will, the testatrix gave to her executors therein named certain real and personal property in trust, among other things, to the use of her neice "Phebe Jane Underhill, wife of Edmund Underhill, during the joint lives of the said Edmund Underhill and Phebe Jane, his wife; and from and after the death of either of them, the said Edmund and Phebe Jane, then to apply the same to the use of the survivor of them, and the children of them, the said Edmund and Phebe Jane Underhill, during the life-time of such survivor, in equal proportions, and upon the decease of such survivor, then upon trust to divide the said trust estate equally among all the children of the said Phebe Jane Underhill who may then be living and the lawful issue of any who may then be dead *per stirpes* and not *per capita*."

The said Edmund Underhill died February 16, 1872, leaving Phebe, his wife, surviving, who is still alive. At the date of the will, and at the time of the death of the testatrix, the issue of Edmund and Phebe Jane Underhill were John F., E. Ferris and Mary A. Underhill; subsequently Mary A. married one Farquhar, and in 1847 died, leaving her surviving two children, Mary A. and Anna L. Farquhar. The question submitted was whether, under the second clause of the will, any part of the income is to be applied to the use of these two children, and if so, what share or proportion.

*Benj. D. Silliman,* for plaintiff.

*E. T. Schenck,* for defendant John F. Underhill.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

BARNARD, P. J.    The children of Mary A. Underhill (Farquhar) should be adjudged to stand in the place of their mother.

There is no appearance of an intent to exclude any who were of the blood of the parent. After the death of Phebe J. Underhill, these children do, like their mother, share by express words. Why exclude them from their mother's share before that event happens?

The case of *Prowell* v. *Rodman*, 37 N. Y. 42, is an express authority that "children" in this case includes grandchildren. Such a construction is demanded in this case by the whole scope and plan of the will.

The judgment upon submitted case is that Mary A. Farquhar and Anna L. Farquhar take their mother's share under the second clause of the will, and that they are included in the term "children" in that clause.

*Ordered accordingly.*